# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| RAYMOND SCOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case number 4:04cv0750 CEJ |
|  | ) | TCM |
| JAMES PURKETT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Raymond Scott, a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a report and recommended disposition.

## Background

Raymond Scott ("Petitioner") was convicted in December 1998 following a jury trial of second degree murder and sentenced to twenty-seven years' imprisonment. (Pet. at 2.) He appealed, and on May 15, 2000, the appellate court affirmed his conviction. (Pet at 2; Resp. Ex. A at 5.) On August 23, 2000, he filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Pet. at 2-4; Resp. Ex. C at 2.) This motion, amended by counsel, was denied following a evidentiary hearing. (Resp. Ex. C at 28-30.) Petitioner's appeal from that ruling was denied on May 12, 2003. (Resp. Ex. B at 3.) On June 17, the appellate court issued its mandate.

On June 17, 2004, Petitioner, represented by counsel, filed the pending § 2254 petition, seeking federal habeas relief on ten grounds. In his response to an order to show cause why that relief should not be granted, Respondent argues only that the petition is untimely filed under 28 U.S.C. § 2244(d). Respondent specifically argues, in a reply to Petitioner's traverse, that the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court from a direct criminal appeal does not toll the statue of limitations if a petition is not actually filed.

**Discussion**

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Alteration added.)

Under § 2244(d)(1)(A), "a state prisoner must file his application for a writ of habeas corpus within one year of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." **Pierson v. Dormire**, 484 F.3d 486, 493 (8th Cir. 2007). If a Missouri prisoner does not, as Petitioner did not, file a

motion to transfer his direct criminal appeal to the Missouri Supreme Court his judgment becomes final within the meaning of § 2244(d)(1)(A) *ninety days* after his conviction is affirmed on direct appeal. **Id.** at 494. A habeas petitioner has the benefit of this ninety day period even though the Supreme Court could not have taken the case absent the motion to transfer. **Id.** at 494-95.

In the instant case, Petitioner's conviction was affirmed on appeal on May 15, 2000. The ninety-day period ended on August 14, 2000.[1] He filed his motion for post-conviction relief nine days later. Thus, only the eight days that elapsed between August 14 and the filing of the post-conviction motion on the ninth day count against the statute of limitations. See **Maghee v. Ault**, 410 F.3d 473, 475 (8th Cir. 2005) (§ 2244(d)(1)'s statute of limitations is not tolled "between the end of direct review and the date an application for state PCR is filed"). Accord **Painter v. Iowa**, 247 F.3d 1255, 1256 (8th Cir. 2001).

The one-year period "is tolled pursuant to § 2244(d)(2) until the Missouri Court of Appeals has issued the mandate in the state post-conviction case." **Pierson**, 484 F.3d at 495. The mandate issued in Petitioner's post-conviction appeal on June 17, 2003. See **Payne v. Kemna**, 441 F.3d 570, 572 (8th Cir. 2006) (holding that Missouri post-conviction appeal was "pending" for purposes of § 2244(d)(2) until appellate court issued its mandate). He filed the pending one year later, on June 17, 2004.

---

[1] The 90th day was a Sunday, August 13, 2000; hence, Petitioner had until the next day to file a petition for a writ of certiorari.

Petitioner argues that the one-year period should also be tolled during the ninety days after the post-conviction appellate court's adverse decision when he could have petitioned the Supreme Court for a writ of certiorari. Acknowledging that the Eighth Circuit Court of Appeals concluded otherwise in **Snow v. Ault**, 238 F.3d 1033, 1035-36 (8th Cir. 2001), Petitioner argues that this case was decided without the benefit of the Supreme Court's holding in **Carey v. Saffold**, 536 U.S. 214, 219-21 (2002) (holding that time period between lower court's decision on collateral review and the filing of a notice of appeal from that decision tolled statute of limitations), and the Sixth Circuit's holding in **Abela v. Martin**, 348 F.3d 164, 170 (6th Cir. 2003) (en banc) (holding in case in which a petition for writ of certiorari in post-conviction proceedings was actually filed, the time during which the petition was pending tolled statute of limitations).

This argument is unavailing for three reasons. First, the Supreme Court in **Carey**, held that the time period between the conclusion of post-conviction proceedings in a lower court and the filing of a notice of appeal tolled the statute of limitations because the post-conviction application was "pending" for purposes of § 2244(d)(2) until the final resolution of those proceedings. 536 U.S. at 219-21. In the instant case, the time period between the denial of Petitioner's Rule 29.15 motion on July 11, 2002, and the filing of the notice of appeal on July 22 was included in the tolling period. Second, the issue in **Snow** was whether the time period during which a petition for a writ of certiorari *could* be filed in post-conviction proceedings tolled the statute of limitations. As noted in **Abela**, 348 F.3d at 170, the Supreme Court in **Carey**, 536 U.S. at 219, "discussed the word 'pending.'"

Applying the definition employed in **Carey**, the Sixth Circuit held that a state post-conviction application was still pending when a petition for a writ of certiorari *had been filed* because the application was "'in continuance' or 'not yet decided.'" **Abela**, 348 F.3d at 710 (quoting Carey, 536 U.S. at 219). In the instant case, Petitioner did not file a petition for a writ of certiorari with the Supreme Court; thus, his Rule 29.15 motion was no longer pending after the appellate court issued its mandate. Third, this Court is bound to follow the decisions of the Eighth Circuit Court of Appeals. It is for that court en banc to decide whether **Carey** and **Abela** should affect the continuing viability of its **Snow** decision. See **Jihad v. Hvass**, 267 F.3d 803, 805 (8th Cir. 2001) (noting that the panel was bound to follow **Snow** and rejecting argument that ninety-day period for seeking a writ of certiorari in post-conviction proceeding in which writ was not actually sought should be excluded from one-year statute of limitations).

To be timely filed, the pending petition had to be filed on or before June 11, 2004, because eight days of the statute of limitations had run before Petitioner filed his motion for state post-conviction relief. It was filed on June 17.

For the foregoing reasons, the petition was untimely filed. Cf. **Johnson v. Kemna**, 451 F.3d 938, 939 n.1 (8th Cir. 2006) (noting that habeas petition was timely filed when the number of days that elapsed between when state conviction became final and when post-conviction proceedings were initiated plus the number of days between issuance of mandate in post-conviction proceedings and filing of habeas petition was less than 365.)

"However, because the one-year time limit contained in section 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitably tolling, if applicable, may apply." **Kreutzer v. Bowersox**, 231 F.3d 460, 463 (8th Cir. 2000). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." **Id.** Equitable tolling may also be proper when a defendant's conduct has "lulled the [petitioner] into inaction." **Id.** (alteration added).

Petitioner argues that equitable tolling is proper in his case because the associate attorney assigned to file the petition mistakenly believed that the period of limitations began to run from the filing of the appellate court's mandate. This argument is unavailing for two reasons. First, attorney error is not a qualifying extraordinary circumstance. In **Kreutzer**, 231 F.3d at 463, the Eighth Circuit Court of Appeals noted that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (Alteration added.) It was "even less appropriate" when the petitioner was represented by counsel. **Id.** See also **Greene v. Washington**, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (per curiam) (holding that attorney error about applicable statute of limitations did not warrant equitable tolling of § 2244(d)). Second, the attorney was not mistaken. Under Eighth Circuit Court of Appeals precedent, the time period for filing a § 2254 statute is tolled until the post-conviction appellate court files its mandate. See **Payne**, 441 F.3d at 572. The error was not in using the date of the filing of the mandate to determine when the statute began to run again but in not including in the

statute of limitations calculation the eight days between the conclusion of direct appeal proceedings and the initiation of post-conviction proceedings.[2]

For the foregoing reasons, Petitioner is not entitled to the equitable tolling of the statute of limitations.

**Conclusion**

Petitioner comes to federal court eight days too late. Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Raymond Scott be **DENIED** without further proceedings.

The parties are advised that they have up to and including **June 18, 2007**, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III

---

[2] In a supplemental memorandum, Petitioner requests that the court withhold ruling on the question of equitable tolling until a decision in **Pace v. DiGuglielmo** is reached. In that case, the Supreme Court has since held that the habeas petitioner had not established the requisite diligence to be entitled to equitable tolling. 544 U.S. at 418. The petitioner had argued that he was so entitled because he was misled by state court precedent to believe that he could still obtain state relief on the merits of his post-conviction petition although the petition was untimely. **Id.** The holding in **Pace** is of no benefit to Petitioner.

                                                                                                                    THOMAS C. MUMMERT, III
                                                                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of June, 2007.