UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND SCOTT, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:04-CV-750 (CEJ) |
| LARRY ROWLEY, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit to determine whether the circumstances of the case justify equitable tolling of the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1). Scott v. Rowley, Case No. 07-3230 (8th Cir. May 29, 2008). Petitioner has submitted a brief and exhibits to support his claim for equitable tolling.

Petitioner was convicted on December 4, 1998. The Missouri Court of Appeals affirmed his conviction on May 15, 2000, and the mandate issued on May 31, 2000. Petitioner's Memorandum, Exs. 1 and 1(a) [Doc. #37-3]. Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his conviction became final for the purposes of § 2244(d)(1)(A) on the day the mandate issued. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008). The limitations period ran for 83 days until petitioner filed a motion for postconviction relief on August 23, 2000, and resumed on June 18, 2003, the day after the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. The federal habeas petition was due 282 days later, on March 26, 2004.

In a letter written on June 27, 2003, assistant public defender Nancy A. McKerrow informed petitioner that his postconviction proceedings were final and that he had one year from June 17, 2003, to file his habeas corpus petition. Petitioner's

Memorandum, Ex. 7 [Doc. #37-3]. This was the standard advice of the Missouri public defender system to Missouri prisoners based upon the case of Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999). Petitioner filed his 28 U.S.C. § 2254 petition on June 17, 2004.

### Discussion

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has pursued his right diligently, and (2) that some extraordinary circumstance stood in his way." Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)). "Equitable tolling is 'an exceedingly narrow window of relief.'" Id. (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

In Riddle, the Eighth Circuit abrogated the long-standing *en banc* decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), under which Rowley's petition would have been timely. This abrogation, the Eighth Circuit held, is an "extraordinary circumstance" for the purposes of equitable tolling. Riddle, 523 F.3d at 857. Thus, petitioner is entitled to equitable tolling of the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(A) if he can demonstrate that he pursued his rights diligently throughout the period he seeks to toll. See Brown v. Schriro, 2008 WL 4277642 (D. Ariz. Sept. 17, 2008) (quoting Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)).

The Court has reviewed the record and concludes that petitioner diligently pursued his right to seek federal habeas relief based on legal advice that was accurate at the time it was given.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall, not later than **May 29, 2009**, address the merits of petitioner's claims for relief.

**IT IS FURTHER ORDERED** that respondent's second motion for extension of time [Doc. #41] is **denied as moot**.

**IT IS FURTHER ORDERED** that petitioner's motion for judgment on the pleadings [Doc. #42] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.